# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,            :        Case No. 3:09-cv-243

                                    District Judge Walter Herbert Rice
     -vs-                            Magistrate Judge Michael R. Merz

                               :

CARROLL BUILDING COMPANY, LLC,
 et al.,

        Defendants.

## REPORT AND RECOMMENDATIONS

This is an action by the United States to recover on certain promissory notes and associated guarantees. It is before the Court on Defendants' Motion to Dismiss or, in the Alternative Stay this Case and to Extend the Time for Defendants to Respond to the Complaint (Doc. No. 5). The United States opposes the Motion (Doc. No. 6) and the time within which Defendants could have filed a reply memorandum under S. D. Ohio Civ. R. 7.2 expired on November 10, 2009, without the filing of any reply. Therefore the Motion is ripe for decision.

Defendants represent that "this matter is already pending before the Common Pleas Court of Montgomery County, Ohio," to wit, in a foreclosure action, Case No. 2002-CV-01606 which has "not yet been fully adjudicated and the property has not been sold in foreclosure." (Motion, Doc. No. 5, at 2.) Defendants request dismissal or a stay pending completion of the Common Pleas action in the xercise of comity with the Common Pleas Court.

In opposing the Motion, the United States notes that its claims against the Defendants are not pending in the foreclosure action. Rather, it shows by attaching relevant state court documents

that the Common Pleas action is for foreclosure of certain property owned by Defendant Carroll Building Co., LLC. The United States is a party to that action, but has never filed a counter claim or cross claim, but merely requested that its interest in the property be protected (Memo in Opp., Doc. No. 6). As the United States claims and proves by way of the Common Pleas docket, "the only matter pending in state court since 2002 has been the receivership." *Id.* at 3.

As noted above, Defendants have filed no reply memorandum to challenge the factual assertions or legal analysis offered by Plaintiff. Since the Common Pleas action does not involve the claims made by Plaintiff here, there is no violation of comity in failing to defer to the Common Pleas Court. Defendants' Motion to Dismiss or Stay should therefore be denied.

Defendants also seek an extension of time to respond to the Complaint until fourteen days after this Court rules on the Motion. The precise relief requested by Defendants is provided by Fed. R. Civ. P. 12(a)(4) as amended effective December 1, 2009. Therefore the Court need not grant any extension apart from what the Rule provides.

December 5, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).